## 5257.  JOHNSON v. JOHNSON.

Where a note was executed for the purchase-price of the interest of an
heir at law in lands belonging to the estate of a deceased person, and
afterward the administrator of the estate procured an order from the
court of ordinary to sell all the lands of the decedent, for the payment
of debts and for distribution, and under the order the lands were reg-
ularly sold, the title of the heir at law was divested, and she was not
entitled to recover on the note, even though it appeared that the maker
of the note was the purchaser of the land at the administrator's sale,
the maker having paid the purchase-price to the administrator and
obtained from him a deed to the land.

· DECIDED JANUARY 20, 1914.

Complaint; from city court of Baxley—Judge Sellers.  May 7,
1913.

*W. W. Bennett,* for plaintiff in error.

POTTLE, J.   On September 23, 1909, Maymie Johnson executed
a promissory note to Mrs. Mary Johnson for the principal sum of
$299, the note reciting that it was executed in payment for the
one-seventh interest of the payee in certain lands known as the
estate of Aaron Johnson, deceased.   The note further stipulated
that title to the land should remain in the payee until the note was
fully paid, and that the maker would "take the risk of said land
being destroyed," and that the maker, to secure the debt, mortgaged
the property for the purchase-price of which the note was given.
Suit was brought on the note, and the defendant pleaded and
proved that after the execution of the note the duly qualified ad-
ministrator of the estate of Aaron Johnson, deceased, under an
order from the court of ordinary, sold the lands of the estate, as
administrator, for the purpose of distribution and payment of
debts; that at the administrator's sale the defendant purchased the
lands for $1,800, and paid over this sum to the administrator; and
that the plaintiff had never executed a deed to the defendant to
her one-seventh interest in the lands, and that the plaintiff's title
was divested by the administrator's sale, so that she could not con-
vey the property for which the note was given.   The defendant in-
troduced in evidence a proceeding brought in the superior court by
some of the heirs of Aaron Johnson to set aside the administra-
tor's deed to her, on the ground that the deed was procured as a
result of fraud participated in by her and by certain of the other
heirs (she being the wife of one of the sons of Aaron Johnson).

It does not appear what disposition was made of that suit, and, so far as is shown by the record, the administrator's deed to the defendant was legal and valid. The court directed a verdict for the plaintiff, and error is assigned thereon.

It is undoubtedly true that if one executes a note for the purchase-price of land, no recovery can be had on the note if it be shown that the payee's title has failed, or that for any reason a valid deed to the land can not be executed. In such a case the consideration of the note would totally fail. When the note now in question was executed Aaron Johnson was dead, and the title to his real estate vested in his heirs, subject to be sold by his administrator, either for the purpose of distribution or for the payment of debts. It appears that, without objection on the part of any of the heirs at law, the administrator procured an order from the court of ordinary and sold the lands of Aaron Johnson for the purpose of distribution and for the payment of debts. This sale divested the interest of the plaintiff, Mrs. Mary Johnson, in the lands belonging to her father's estate, and transferred her claim to the fund realized at the administrator's sale. If some person other than Maymie Johnson had purchased the lands at the administrator's sale, clearly she could not be compelled to pay the purchase-price of the land, no title to which could ever be conveyed to her. The fact that she herself was the purchaser at the administrator's sale does not alter the case. If the defendant were compelled to pay the note, the effect of it would be to allow the plaintiff to obtain a double interest in her father's estate, and to compel the defendant to pay twice for the land for which the note was given. This would be inequitable, and the law will not permit such an injustice. It was no fault of the defendant that the administrator's sale took place and the plaintiff's title was divested. If there were no debts and no necessity for the sale by the administrator, the plaintiff could have prevented the sale from taking place, and she would have then been in position to make title to her interest in the estate and demand payment of the purchase-price. Having acquiesced in the sale, and it thus having been put beyond her power to convey the land for which the note was given, she can not be allowed to recover the agreed price. It was error to direct a verdict in favor of the plaintiff.                    *Judgment reversed.*